**PECKAR & ABRAMSON, P.C.**
1325 Avenue of the Americas, 10th Floor
New York, New York 10019
(212) 382-0909
*Attorneys for Defendants*
*M D Building Services, Inc., d/b/a Meridian Building Services,*
*and Michael K. Carlin*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDISON ANCHAHUA and FRANKLIN ANCHAHUA, *on behalf of themselves, FLSA Collective Plaintiff* | Case No.: 1:25-cv-00035 |
| Plaintiffs, | |
| -against- | **ANSWER** |
| M D BUILDING SERVICES, INC. d/b/a MERIDIAN BUILDING SERVICES, and MICHAEL K CARLIN, | |
| Defendants. | |

Defendants, M D Building Services, Inc., d/b/a Meridian Building Services, and Michael K. Carlin (collectively, "Defendants"), by their attorneys, Peckar & Abramson, P.C., as and for their Answer to the Class and Collective Action Complaint (the "Complaint"), state as follows:

## INTRODUCTION

1.      Defendants deny the allegations contained in paragraph 1 of the Complaint as they call for conclusions of law.

2.      Defendants deny the allegations contained in paragraph 2 of the Complaint as they call for conclusions of law.

## JURISDICTION AND VENUE

3. Defendants deny the allegations contained in paragraph 3 of the Complaint as they call for conclusions of law.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint as they call for conclusions of law.

## PARTIES

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.     Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

## STATEMENT OF FACTS

*Plaintiff EDISON's Employment Background*

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's hiring, and deny the remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

*Plaintiff FRANKLIN's Employment Background*

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's hiring, and deny the remaining allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

*Timeshaving Class Claims*

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

*Failure to Pay Overtime Premiums Class Claims*

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

*Unpaid Spread of Hours Premiums Class Claims*

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

*Unpaid Prevailing New York State Minimum Wage Class Claims*

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

*WTPA Violations Claims*

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Paragraph 55 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.    Paragraph 60 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.    Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.    Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.    Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.    Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.    Defendants deny the allegations contained in paragraph 65 of the Complaint.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

66.    Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1 through 65 of this Answer with the same force and effect as if fully set forth herein.

67.    Paragraph 67 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.    Paragraph 68 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.    Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.    Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.    Paragraph 72 of the Complaint does not contain a factual allegation which Defendant is obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.    Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.    Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.    Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.    Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.    Defendants deny the allegations contained in paragraph 78 of the Complaint.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

79.    Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1 through 78 of this Answer with the same force and effect as if fully set forth herein.

80.    Paragraph 80 of the Complaint sets forth a legal conclusion which Defendant is not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.    Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.    Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.    Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.    Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

## FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to sue, and lack standing to be and are not adequate representatives of the putative class of employees, and as such, the Court should not authorize notice to be issued or a class action to be maintained.

## FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of frauds..

## FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver and/or other equitable defenses.

## FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the de minimis doctrine.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendant Michael K. Carlin is not personally liable.

## FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction, release or waiver.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs were properly paid for all hours worked.

## FOR A TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or part because Plaintiffs cannot demonstrate that they are entitled to recover statutory damages. Defendants have at all times compensated Plaintiffs with a good faith belief that their compensation was in compliance with all applicable laws and with a reasonable basis for believing that their practices were in compliance with the New York Labor Law and Fair Labor Standards Act.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE

This case is not appropriate for a class action because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported class members.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or maintain a class action because it cannot be demonstrated that a class action is superior to other methods available for adjudicating any controversy.

### FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Certain of the interests of the putative class action members are in conflict with the interests of Plaintiffs and/or all or certain sub-groups of the putative class members.

### FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The types of claims alleged by Plaintiffs on behalf of putative class action members are matters in which individual questions predominate and thus are not appropriate for class action treatment.

### FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of each putative member of the purported class set forth in the Complaint, are barred, in whole or in part, because the purported class definition is ambiguous and conclusory.

### FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

The types of claims alleged by Plaintiffs on behalf of themselves and others, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class action treatment.

### FOR A NINETEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and the class they purport to represent are barred in whole or in part because Plaintiffs fail to satisfy the prerequisites for class certification and, therefore, lack standing to bring these claims and cannot represent the interests of others as to each of the purported causes of action.

### FOR AN TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' employment and terms and conditions of employment are/were governed by a collective bargaining agreement by and between Plaintiffs' exclusive bargaining

334092.1/03/05/25                                          10

representative and Defendants.  As such, the causes of action asserted in the Complaint are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. 185(a).

### FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

If the unlawful acts and/or omissions alleged in the Complaint were engaged in by Defendants, which Defendants deny, Defendants did not do so willfully, and Defendants relied upon guidance and opinions from state and federal agencies in formulating its pay policies.  Accordingly, claims within the Complaint are barred in whole or in part by the applicable statute of limitations.

### FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

At all times relevant to this action Defendants acted in good faith and on reasonable grounds.  Plaintiffs did not voice questions or concerns about their weekly hours or wages in a timely manner, and Defendants acted in good faith reliance on various guidance and opinions from state and federal agencies responsible for interpreting the laws in question.  Accordingly, liquidated damages and interest are not recoverable.

### FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants have acted in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of state and federal administrators and is therefore not liable.

### FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments or offsets permissible under the NYLL.

### FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish a willful violation under the NYLL.

334092.1/03/05/25                                          11

## FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve their rights to raise any other defenses which have not been asserted by reason of lack of knowledge or information pertaining to these claims.

**WHEREFORE**, Defendants demand judgment as follows:

a.    Judgment dismissing the Complaint in its entirety with prejudice;

b.    Judgment granting Defendant costs and reasonable attorneys' fees incurred in this action;

c.    together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: New York, New York          **PECKAR & ABRAMSON, P.C.**
March 5, 2025                            *Attorneys for Defendant,*
                                        *M D Building Services, Inc., d/b/a Meridian*
                                        *Building Services, and Michael K. Carlin*

By: **/s/ Gregory R. Begg**
        Gregory R. Begg, Esq.
        1325 Avenue of the Americas, 10th Floor
        New York, New York 10019
        (212) 382-0909
        gbegg@pecklaw.com

334092.1/03/05/25                    12