# Lee Litigation Group, PLLC

148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:       (212) 465-1188
                       cklee@leelitigation.com

October 10, 2025

**Via ECF**:
The Honorable Judge Lewis J. Liman, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 1620
New York, NY 10007

> The Court will hold a Rule 37.2 conference to address these issues on October 17, 2025, at 2:00 PM, in Courtroom 15C, 500 Pearl St., New York, NY 10007.
>
> SO ORDERED.
> [signature]
> LEWIS J. LIMAN
> United States District Judge
> October 14, 2025

Re:   *Anchahua et al v. Carlin et al*
      Case No. 1:25-cv-00035

Dear Judge Liman:

We are counsel to Plaintiffs in the above-captioned matter and write jointly with Defendants counsel to provide the Court with a status update, pursuant to the Court's Order [Dkt. 51]. Below are the remaining issues that require judicial intervention.

### 1. Depositions and Contact Information of Non-Party Witness

Plaintiffs:

Upon Defendants' confirmation of the deposition of Luciano Ramirez on November 13, 2025, at 10:00 a.m., the only remaining issue concerns Defendants' former human resources employee, Mildred Lachepell.

Plaintiffs previously requested contact information for Defendants' current and former human resources and payroll personnel. In response, Defendants stated that "for the period May 2019 to May 2024, Mildred Lachepell performed those functions. Defendants' counsel will represent those individuals in this matter." *See* **Exhibit 1**, Defendants' Responses to Plaintiffs' First Set of Interrogatories, April 23, 2025.

Subsequently, Defendants informed Plaintiffs that Ms. Lachepell is no longer employed by MD Building and is not represented by Defendants' counsel. Upon Plaintiffs' renewed request for Ms. Lachepell's full contact information, including her address, email, and telephone number, Defendants produced only her last known address.

Plaintiffs served a subpoena on Ms. Lachepell at the provided address on September 25, 2025, but have been unable to reach Ms. Lachepell. Because the deposition logistics such as confirming whether an interpreter is needed and providing the remote deposition link require direct coordination with Ms. Lachepell, her current contact information, including her phone number and

email address, is necessary. Defendants have not articulated any valid grounds for withholding this information. Their continued refusal has created unnecessary obstacles to completing discovery.

Plaintiffs respectfully request that the Court compel Defendants to produce Ms. Lachepell's last known telephone number and email address.

Defendants: Defendants have provided Plaintiffs with the last known information that they have on file for Mildred Lachepell. Notably, Defendants state that "mailing" a subpoena on a non-party is not sufficient service pursuant to the Federal Rules of Civil Procedure.

2. **ESI**

As noted in Plaintiffs' September 26, 2025 status letter, Defendants agreed to generate a hit report using Plaintiffs' revised search terms, and Plaintiffs requested the updated hit report by October 3, 2025.

On October 9, 2025, Defendants' counsel advised that Defendants had run Plaintiffs' proposed search terms but that the results yielded tens of thousands of emails. Defendants indicated that they would instead run the search using their own proposed terms. This position departs from the parties' prior agreement, and Plaintiffs disagreed, as the adequacy of Defendants' proposed search terms is the very subject of the dispute. Plaintiffs immediately requested that Defendants provide the updated hit report that day and advised that Plaintiffs were willing to discuss the issue upon receipt. *See* **Exhibit 2**.

Defendants: Defendants complied with the Court's May 2025 Order by providing Plaintiffs with a "search term hit report," which demonstrated that Plaintiff's initial proposed search terms yielded tens of thousands of emails. Plaintiffs then proposed revised search terms, which are outlined below:

- Earn* w/5 OT or overtime or min*
- Check* w/5 OT or overtime or min*
- Pay* w/5 Notice
- Statement* w/5 OT or overtime or min*
- Paystub* w/5 OT or overtime or min*

When Defendants advised that they believe those terms are not narrow enough and sent their own proposed search terms, their search terms were rejected by Plaintiffs. Thereafter, Defendants agreed to run Plaintiff's revised search terms. After running a search through the agreed-upon mailboxes utilizing Plaintiffs' revised search terms, Defendants observed that the terms yielded tens of thousands of emails. As a result, Defendants stopped their search and advised Plaintiffs that they are willing to perform a search of their proposed search terms instead in Michael Carlin's emails. Defendants' proposed search terms are attached as **Exhibit 3**.

3. **Additional Unresolved Items**

1) <u>Defendants' Position</u>: Defendants have requested copies of the unredacted consent forms from the opt-in Plaintiffs, but Plaintiffs continuously refuse to provide same without offering a sufficient basis as to why they refuse to do so. Defendants are entitled to copies of the unredacted consent forms, but despite numerous back-and-forth emails and a meet and confer call, Plaintiffs have failed to articulate a sufficient basis as to why Defendants are not entitled to same. Therefore, Defendants respectfully request that Plaintiffs be directed to provide Defendants with copies of the unredacted consent forms for the three opt-in plaintiffs.

<u>Plaintiffs' position</u>: Defendants have not articulated any legitimate basis for requesting unredacted consent forms. Plaintiffs timely produced redacted copies, which sufficiently identify the opt-in Plaintiffs and comply with the Court's Order. The redacted information—addresses, phone numbers, and email addresses—is information already in Defendants' possession. It remains unclear why Defendants seek duplicative information. To the extent Defendants intend to use this information to contact the opt-in Plaintiffs directly, such conduct would be improper, as all opt-in Plaintiffs are represented by Plaintiffs' counsel and may not be contacted ex parte.

2) <u>Defendants' Position</u>: Without providing a sufficient basis, Plaintiffs continue to refuse to produce the three opt-in-Plaintiffs for their depositions. Interestingly, despite refusing to produce them for their depositions, Plaintiffs still insist on obtaining discovery for them, including document responses and interrogatory responses from Defendants pertaining to the opt-in-Plaintiffs. Plaintiffs are denying Defendants their right to depose the three plaintiffs. We have asked them numerous times to produce case law supporting their grounds for their refusal to produce the three opt-in Plaintiffs for their depositions, but our requests are met with silence. Therefore, Defendants respectfully request that Plaintiffs be directed to produce the three opt-in Plaintiffs for their depositions on November 6th.

<u>Plaintiffs' position:</u> Courts have consistently recognized that discovery in FLSA collective actions proceeds on a representative basis, rather than requiring individualized discovery from every opt-in plaintiff. The testimony of the two named Plaintiffs will provide a representative sample sufficient for the purposes of discovery. Defendants' demand to depose each opt-in Plaintiff individually is disproportionate, unduly burdensome, and appears intended to harass Plaintiffs and unnecessarily increase litigation costs.

Accordingly, the parties respectfully request that the Court schedule a Rule 37.2 conference to address the outstanding discovery issues. We thank the Court for its consideration.

Respectfully submitted,
*/s/ C.K. Lee*
C.K. Lee, Esq.