```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
EDISON ANCHAHUA and FRANKLIN ANCHAHUA,      :
                                            :
                          Plaintiffs,       :
                                            :
              -v-                           :      25-cv-35 (LJL)
                                            :
M D BUILDING SERVICES, INC. d/b/a MERIDIAN  :        ORDER
BUILDING SERVICES, and MICHAEL K. CARLIN,   :
                                            :
                          Defendants.       :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/18/2025

LEWIS J. LIMAN, United States District Judge:

Plaintiffs move, pursuant to Federal Rule of Civil Procedure 37(b), for sanctions against Defendants in the form of an adverse inference due to Defendants' purported failure to comply with discovery obligations in violation of this Court's orders. Dkt. No. 65. Plaintiffs argue specifically that Defendants have violated various Court orders to provide "hit reports" using Defendants' search terms. *Id.* at 1. Defendants oppose the motion, arguing that Plaintiffs have failed to meet and confer as required by the Court's Individual Practices and that Defendants have not violated any Court orders. Dkt. No. 66. The motion for sanctions is denied.

Sanctions under Federal Rule of Civil Procedure 37(b) "can only be imposed for violation of a specific, previously entered court order." *Lyondell-Citgo Ref., LP v. Petroleos de Venezuela, S.A.*, 2004 WL 1924810, at *6 (S.D.N.Y. Aug. 30, 2004) (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir.1991)). Plaintiffs' motion for sanctions fails for the simple reason that the Court has not previously entered an order—let alone a clear or specific one—requiring Defendants to provide the hit reports by any particular date. *See Susana v. NY Waterway*, 662 F. Supp. 3d 477, 494 (S.D.N.Y. 2023) (denying sanctions where the moving party could not "point to 'a clearly articulated order of the court requiring specified discovery'"

(citation and emphasis omitted)).  To be sure, at some point, Defendants' delay might constitute a constructive violation of the Court's orders to provide such discovery.  But it has only been a few weeks since the Court ordered Defendants to produce a hit report using their own search terms, so that point has not yet "clearly" come.  *See* Dkt. No. 56.  Moreover, to the extent that any delay caused by Defendants will prevent Plaintiffs from obtaining discovery to which they are entitled, Plaintiffs may move upon a showing of good cause for an amendment to the Case Management Plan and Scheduling Order.  *See* Dkt. No. 19.

In addition to opposing the motion for sanctions, Defendants move for an extension of time to oppose Plaintiffs' anticipated Rule 23 motion.  Dkt. No. 66 at 4.  Plaintiffs are directed to file any response they might have to Defendants' proposed briefing schedule by November 20, 2025.

The Clerk of Court is respectfully directed to close Dkt. No. 65.

SO ORDERED.

Dated: November 18, 2025
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge