USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/4/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDISON ANCHAHUA and FRANKLIN ANCHAHUA, *on behalf of themselves, FLSA Collective Plaintiffs, and the Class*,

Plaintiffs,

-v-

M D BUILDING SERVICES, INC. d/b/a MERIDIAN BUILDING SERVICES, and MICHAEL K. CARLIN,

Defendants.

25-cv-35 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Pending before the Court are Plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23, Dkt. No. 82, Defendants' motion to decertify the FLSA Section 216(b) collective, Dkt. No. 88, Plaintiffs' motion for partial summary judgment, Dkt. No. 98, and Defendants' motion for summary judgment, Dkt. No. 102. The only remaining parties to this case are Carmen Cespedes and Sherton Harris. Both filed consent to join forms in August 2025, stopping the running of the statute of limitations on their claims for violations of FLSA. Dkt. Nos. 38, 40. The original named Plaintiffs in this case have dismissed their claims against Defendants without prejudice. Dkt. No. 75. Both the opt-in notice authorized by the Court, Dkt. No. 26-1, and the Court's Memorandum and Order of June 11, 2025, Dkt. No. 35 at 18, make clear that the filing of a consent to join form is effective only to make an employee a claimant with respect to the FLSA claims and not with respect to the NYLL claims. *See Martinenko v. 212 Steakhouse Inc.*, 2022 WL 1227140, at *9 (S.D.N.Y. Apr. 26, 2022); *Cheng v. Via Quadronno LLC*, 2022 WL 1210839, at *3 (S.D.N.Y. Apr. 25, 2022).

Accordingly, the parties are directed to submit letter briefs to the Court no later than August 11, 2026, addressing why the Court should not limit its review of the pending summary judgment motions (as well as the pending class certification motion) only to the FLSA claims.

SO ORDERED.

Dated: August 4, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge