USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDISON ANCHAHUA and FRANKLIN ANCHAHUA, *on behalf of themselves, FLSA Collective Plaintiffs, and the Class*,

Plaintiffs,

-v-

M D BUILDING SERVICES, INC. d/b/a MERIDAN BUILDING SERVICES, and MICHAEL K. CARLIN,

Defendants.

25-cv-35 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendants M D Building Services, Inc. d/b/a Meridan Building Services ("M D Building Services") and Michael K. Carlin ("Carlin" and, together with M D Building Services, "Defendants") move, pursuant to Federal Rule of Civil Procedure 56, for an order granting them summary judgment. Dkt. No. 102. Opt-in Plaintiffs Carmen Cespedes ("Cespedes") and Sherton L. Harris ("Harris" and, together with Cespedes, "Plaintiffs")[1] move, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment. Dkt. No. 98. Also before the Court are Plaintiffs' motion, pursuant to Federal Rule of Civil Procedure 23, for an order certifying this action as a class action, Dkt. No. 82, and Defendants' motion for an order decertifying the FLSA

[1] This action was originally brought by named Plaintiffs Edison Anchahua and Franklin Anchahua. *See* Dkt. No. 1. Following this Court's Memorandum and Order granting in part and denying in part Plaintiffs' motion for conditional collective certification, *see* Dkt. No. 35, Cespedes, Harris, and Thomas Mavins ("Mavins") filed their consent to join the lawsuit as party plaintiffs. Dkt. Nos. 38, 39, 40. On December 4, 2025, Mavins dismissed his claims against Defendants without prejudice. Dkt. No. 74. On December 19, 2025, named Plaintiffs Edison Anchahua and Franklin Anchahua also dismissed their claims against Defendants without prejudice, Dkt. No. 75, leaving only Opt-in Plaintiffs Cespedes and Harris as party plaintiffs.

Section 216(b) collective, Dkt. No. 88.

Defendants move for summary judgment on Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") on two principal grounds: (1) M D Building Services does not do business in interstate commerce and thus is not covered by FLSA, Dkt. No. 103 at 4–5; and (2) Harris did not work hours in excess of forty and was not entitled to overtime pay, *id.* at 9–14.[2] The motion for summary judgment on FLSA coverage is denied in part and granted in part. The motion is denied as to Cespedes.

"Engagement in interstate commerce, either by an employee or by the employer as a whole, is a prerequisite for liability for the FLSA's overtime requirement." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 353 (E.D.N.Y. 2015). An enterprise is "engaged in commerce" when it "(i) has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . ." 29 U.S.C. § 203(s)(1)(A). FLSA defines the term "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place

[2] Defendants also argue at the threshold that Plaintiffs should be barred from seeking recovery on any claim, or for damages for any amounts, beyond what they have identified in their Rule 26 disclosure. Dkt. No. 103 at 1–4. Specifically, Defendants point to Plaintiffs' failure to disclose the required damages computations under Fed. R. Civ. P. 26(a)(1)(A)(iii). *Id.* at 2. But the relief Defendants seek can be properly obtained, if at all, through a motion for sanctions under Rule 37, not a motion for judgment under Rule 56. *See Edelman v. NYU Langone Health Sys.*, 2023 WL 4305446, at *5 (S.D.N.Y. June 30, 2023) (explaining that Rule 37(c)(1) authorizes the court to impose sanctions for failure to disclose information under Rule 26(a)(1), including preclusion of evidence); *Iddriss v. Hong Diep Realty Inc.*, 2026 WL 444819, at *5 (S.D.N.Y. Feb. 17, 2026) (precluding plaintiff from offering evidence regarding future medical expenses under Rule 37(c)(1) where plaintiff's failure to disclose that it was seeking such damages would severely prejudice defendant). Accordingly, Defendants' request for relief is denied without prejudice to renewal through a proper motion under Rule 37.

outside thereof." 29 U.S.C. § 203(b). Carlin has attested that M D Building Services operates only in New York State and does not provide services in New Jersey. Dkt. No. 113-2 ¶ 2 ("The Company provides building cleaning services to commercial property owners and commercial tenants in New York City and Nassau and Suffolk counties in New York State."); Dkt. No. 113-4 ¶ 3 ("My Company had performed no building cleaning services in New Jersey for approximately 10 years or more."). But M D Building Services' director of administration testified that M D Building Services' geographic coverage includes New Jersey, Dkt. No. 99-3 at 10:5–10, and that it provides cleaning services in New York City, Long Island, and New Jersey, *id.* at 11:23–12:7. Moreover, M D Building Services' website represents that it offers services in Northern New Jersey, Dkt. No. 99-13 at 2, and that it buys cleaning products in bulk, Dkt. No. 109-2 at 3. Therefore, there exist questions of fact as to whether M D Building Services is engaged in interstate commerce.

Defendants do not appear to seek summary judgment on the FLSA overtime claims that Cespedes brings within two years of the October 24, 2025 filing of her consent to become a party plaintiff under FLSA. Dkt. No. 61; *see* Dkt. No. 103 at 6 (arguing only that Cespedes's FLSA claims are barred in part by the two-year statute of limitations under FLSA because she cannot show willfulness). In any event, any such motion would be without merit. Although Defendants deny that Cespedes is owed overtime pay, Dkt. No. 113-2 ¶¶ 11–13, Cespedes consistently testified that she worked ten hours a day, five days a week but was not paid for the hours that she worked in excess of forty during the work week, *see* Dkt. No. 85 ¶¶ 4, 6 (Cespedes statement that she was scheduled to work from 4:00 p.m. to midnight each day for a total of forty hours but was required to work two additional hours each day without being paid); Dkt. No. 104-9 at 15:13–19, 16:4–5, 22:19–23:7, 25:9–12 (same). She also testified that she complained

repeatedly to her supervisor that she was not being paid for her overtime hours, but was told that she should just do her work and that she would not be paid for the overtime hours. Dkt. No. 85 ¶ 10; Dkt. No. 104-9 at 30:12–25 (same). Defendants' motion to dismiss Cespedes's FLSA overtime claims is denied.

By the same token, however, Plaintiffs do not dispute that Harris did not work hours in excess of forty in a work week and thus has no FLSA overtime claim. *See* Dkt. No. 111 at 13 (arguing that Harris "has alleged unpaid wages under the NYLL, given that he did not typically work overtime hours"); *id.* at 22 ("Plaintiff Harris has testified to working approximately 34 hours per week while being paid for only 20."). Harris asserts no other claims under FLSA. *See id.* at 14 ("Plaintiffs' FLSA claims are based on unpaid overtime premiums, not sub-minimum wage rates."). Harris's FLSA claim is thus deemed abandoned. *See Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."). In any event, Harris has offered no evidence of working more than 40 hours in a work week. *See* Dkt. No. 86 ¶¶ 2–4 (Harris declaration that he would work from approximately 10:00 p.m. to 4:00 a.m. on weekdays and for approximately four hours on Sundays); Dkt. No. 104-8 at 11:20–17:23 (same). Defendants are granted summary judgment on Harris's FLSA claims.

Cespedes and Harris each argue that Defendants violated the New York Labor Law. Dkt. No. 111 at 18–24. Defendants argue that there is no genuine dispute of fact that they did not violate the New York Labor Law. Dkt. No. 103 at 8–15. Cespedes and Harris have not filed a complaint, however. They have filed only a consent to join in the FLSA claims. "[U]nder FLSA, the consent to join is only effective as to the FLSA claims and not as to the New York

Labor Law claims or any other claims." *Martinenko v. 212 Steakhouse Inc.*, 2022 WL 1227140, at *9 (S.D.N.Y. Apr. 26, 2022); *see Han v. Madison Ave. Realties, LLC*, 2022 WL 2609003, at *6 (S.D.N.Y. July 8, 2022) ("The FLSA 216(b) notice and consent to join apply only with respect to the FLSA claims and not with respect to the NYLL claims."); *Cheng v. Via Quadronno LLC*, 2022 WL 1210839, at *5 (S.D.N.Y. Apr. 25, 2022) ("The opt-in notice was intended to give employees a right to join the FLSA collective; it was not intended to give them a right to assert any other claims they might have against the employer."). The Court specifically ruled in granting the motion for conditional certification filed by the named Plaintiffs in this case that "[t]he FLSA 216(b) notice and consent to join apply only with respect to the FLSA claims and not with respect to the NYLL claims." Dkt. No. 35 at 18. The court-approved notice to proposed members of the collective specifically advised potential members of the collective that the collective could recover damages only for FLSA claims. Dkt. No. 26-1 ("This collective may only recover damages for Plaintiffs' FLSA claims and not for any of the claims Plaintiffs brought under the NYLL. However, Plaintiff's NYLL claims in this lawsuit may potentially be pursued under separate class action litigation in the future."). Cespedes and Harris, as Opt-in Plaintiffs, have therefore not joined this case in its entirety.

Cespedes and Harris do not dispute that the consent to join applied only to the FLSA claims, but seek leave to amend the complaint to assert New York Labor Law claims on grounds of supplemental jurisdiction. Dkt. No. 120. That request is granted as to Cespedes, and she may file a formal motion for leave to file a complaint within two weeks of the date of this Order. Such motion shall explain, *inter alia*, why such relief would be justified under Federal Rules of Civil Procedure 15 and 16. Plaintiffs do not identify a federal claim for Harris which a state-law claim could supplement. Accordingly, the request is denied as to him. To the extent that Harris

has state-law claims, such claims may be pursued in state court.

Plaintiffs' motion for partial summary judgment is denied. To the extent that it is addressed to state-law claims, no such claims presently remain in the case. To the extent that it is addressed to the federal claims, there exist issues of fact as discussed *supra* which preclude the entry of summary judgment at this stage.

Plaintiffs' motion for Rule 23 class certification is also denied. Plaintiffs seek to certify a class to address claims under the New York Labor Law but, as noted, Cespedes and Harris have not asserted claims under the New York Labor Law. This Order is without prejudice to the right of Cespedes, if she is granted leave to file an amended complaint with class claims, to file a motion for Rule 23 class certification.

The motion to decertify the FLSA collective is denied. Defendants' motion is based primarily on the claim that Plaintiffs have not established enterprise coverage as a matter of law. Dkt. No. 91 at 24–25. But the Court has rejected that argument. At the second stage of the two-step method that courts in this Circuit follow when evaluating motions for certification of a collective action, the task of the Court is to "determine[e] whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). At this stage, Cespedes is the only Plaintiff asserting FLSA claims. Defendants do not argue that, in those circumstances, her claims should be dismissed without prejudice only to have her refile them.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 82, 88, 98, and 102. The Court will hold a scheduling conference in this matter on August 25, 2026 at 3:00 p.m. Parties are directed to dial into the Court's teleconference number at 646-453-4442,

Conference ID# 358639322, and follow the necessary prompts.

SO ORDERED.

Dated: August 18, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge